**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER OF FIRST STATE BANK OF ALTUS, OKLAHOMA, | )<br>)<br>)<br>) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. CIV-11-990-M |
| | ) |
| ST. PAUL MERCURY INSURANCE COMPANY, | )<br>) |
| | ) |
| Defendant. | ) |

<u>**ORDER**</u>

Before the Court is defendant's Motion to Compel Interrogatory Responses, filed May 22, 2012. On May 29, 2012, plaintiff filed its response, and on May 31, 2012, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.     <u>Introduction</u>

In this lawsuit, plaintiff seeks to recover, under a financial institution bond, losses allegedly resulting from the fraudulent and/or dishonest actions of the First State Bank of Altus, Oklahoma's ("Bank") CEO Paul Doughty ("Doughty"). When the Bank originally submitted its proof of loss to defendant, it claimed that it had suffered losses with respect to dozens of transactions as a result of Doughty's fraudulent and/or dishonest conduct. When it filed this action, however, the Bank confined its claims to only three transactions. In response to plaintiff's claims, defendant asserted the defenses of untimely notice and termination of the bond based on the Bank's prior discovery of Doughty's dishonest or fraudulent actions.

On January 24, 2012, defendant served plaintiff with its First Set of Interrogatories aimed at learning more about plaintiff's theories and seeking to identify evidence that may support

defendant's defenses of termination and untimely notice.  Specifically, defendant propounded interrogatories requesting information relating to the dishonest or fraudulent conduct by Doughty associated with each transaction that the Bank identified in its proof of loss.  Plaintiff responded by confining its answers only to the transactions on which it now bases its claims in this lawsuit.  Defendant contends that this is improper and moves the Court to order plaintiff to answer Interrogatory Nos. 1, 2, 3, 6, and 7 with respect to all loans identified in the proof of loss.

II.    Discussion

Defendant asserts that plaintiff has improperly refused to respond to Interrogatory Nos. 1, 2, 3, 6, and 7 and that these interrogatories seek information relevant to its defenses of untimely notice and termination.  Plaintiff does not dispute that the information defendant seeks in these interrogatories is relevant and that defendant is entitled to learn said information.  Plaintiff, however, contends that the discovery rules do not allow defendant to foist upon plaintiff the burden to conduct a mid-litigation investigation of facts relating to transactions on which plaintiff has not brought any bond claims and deliver the results in the form of highly detailed contention-type interrogatory answers.  Plaintiff states that it is unable to answer defendant's detailed interrogatories about the other loans identified in the proof of loss without substantially more investigation and analysis of the same information that it has made available to defendant.  Plaintiff further asserts that it has told defendant what plaintiff actually knows about loans other than the ones it sued upon, as a result of investigation work prior to suit, and has provided defendant with all the same information plaintiff would have to review and analyze to answer defendant's interrogatories as to those loans, and that defendant should review and analyze the documents provided itself to determine the answers to the interrogatories.

In its reply, defendant asserts that its interrogatories do not ask for plaintiff to investigate other loans and report the results of that investigation back to defendant but merely request plaintiff to disclose the knowledge it already acquired during its pre-suit investigation.  Defendant further states that all it is requesting is for plaintiff to disclose its knowledge, whatever that may be, about the central issues associated with all of the loans and to do so in a way that actually permits defendant to use the information to uncover evidence supporting its defenses of untimely notice and termination.

> As a general rule a party in answering interrogatories must furnish information that is available to it and that can be given without undue labor and expense.  But a party cannot ordinarily be forced to prepare its opponent's case. . . . A party should provide relevant facts reasonably available to it but should not be required to enter upon independent research in order to acquire information merely to answer interrogatories.

8B Charles Alan Wright, et al., *Federal Practice and Procedure* § 2174 (3d ed. 2010).  Further, Rule 33(d) does allow a party to make documents available for the opposing party's inspection so that party can complete its own investigation.  *See Kaufman v. Am. Family Mutual Ins. Co.*, No. 05-cv-02311-WDM-MEH, 2007 WL 1430105, at *2 (D. Colo. May 11, 2007).  However,

> [t]he responding party may not simply refer to a mass of records.  To rely on Fed.R.Civ.P. 33(d), the responding party must specifically identify which documents contain the requested *information* in its answer to the interrogatory.  If the party cannot comply with these requirements, it must otherwise answer the interrogatory fully and completely.

*Oleson v. Kmart Corp.*, 175 F.R.D. 560, 564 (D. Kan. 1997) (internal quotations and citations omitted) (emphasis in original).

Having carefully reviewed the parties' submissions, the Court finds that while plaintiff is not required to engage in independent research in order to acquire information merely to answer

interrogatories and while plaintiff may refer to documents when answering interrogatories, plaintiff's responses to defendant's Interrogatory Nos. 1, 2, 3, 6, and 7 are not sufficient with respect to all loans identified in the proof of loss.  Specifically, the Court finds that plaintiff's general statement that it does not know the facts necessary to answer the interrogatories as to all loans identified in the proof of loss and then generally referring defendant to the mass of documents submitted in support of the proof of loss, the pre-litigation testimony of Doughty, and defendant's "interviews" of Doughty, Larry McLaughlin, and Curtis Thornton to answer the interrogatories is insufficient.  The Court finds that plaintiff must answer Interrogatory Nos. 1, 2, 3, 6, and 7 in relation to all loans identified in the proof of loss by specifically answering each interrogatory by stating what information it knows about each loan, whatever that may be, and then referring defendant to specifically identified documents which contain the requested information as to each loan.

III.   Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART defendant's Motion to Compel Interrogatory Responses [docket no. 31] as follows: The Court hereby ORDERS plaintiff to supplement its responses to defendant's Interrogatory Nos. 1, 2, 3, 6, and 7 by answering those interrogatories as to all loans identified in the proof of loss by stating what information it knows about each loan and then referring defendant to specifically identified documents which contain the requested information as to each loan.  Said supplemental responses

shall be provided to defendant on or before July 9, 2012.

**IT IS SO ORDERED this 13th day of June, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE